UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VALDEZ BERMUDEZ,<br><br>              Petitioner,<br><br>v.<br><br>ALBERTO GONZALEZ,<br><br>              Respondent. | 1:07-cv-01831-LJO-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THAT RETURN TO ORDER TO SHOW CAUSE BE FILED WITHIN FORTY-FIVE DAYS<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON RESPONDENT |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

In the instant petition, Petitioner, a native of the Phillipines, alleges that he is subject to a final order of removal as of February 9, 2007. (Doc. 1, p. 2). Petitioner contends that, after being on supervised release, that release was revoked on May 15, 2007 and that he has been in continuous post-removal ICE custody since that date. (Id.). Petitioner further alleges that on February 23, 2007, he signed his travel documents for removal. (Id.). Petitioner asserts that his continued detention exceeds Respondent's statutory authority under Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001). (Doc. 1, p. 4).

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P.

1  81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other
2  documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules
3  Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the
4  pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the
5  Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been
6  released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue
7  sanctions in appropriate cases.  See Local Rule 11-110.

## ORDER TO SHOW CAUSE

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.

2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.  (Doc. 1).

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **January 18, 2008**                                   **/s/ Theresa A. Goldner**
                                                                 UNITED STATES MAGISTRATE JUDGE